UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE HUNTER,

        Plaintiff,

                                            Case No. 04-CV-71222

vs.                                    HON. GEORGE CARAM STEEH

RIVERSIDE FORD SALES, INC.,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOCUMENT # 32)

### INTRODUCTION

This matter, stemming from plaintiff Willie Hunter's purchase of a Ford Expedition from defendant Riverside Ford Sales, Inc., is before the court on defendant's motion for summary judgment. Because the court finds that summary judgment for defendant is appropriate as to plaintiff's claim under the Motor Vehicle Cost Savings and Information Act, 49 U.S.C. § 32701 et seq., there being no question of material fact concerning defendant's intent to defraud as to the vehicle's mileage, that claim will be dismissed. The court will decline to exercise supplemental jurisdiction over the remaining claims, all brought under state law, and those claims are herein dismissed without prejudice.

### BACKGROUND

Plaintiff purchased a 2001 Ford Expedition from defendant Riverside Ford Sales, Inc., financing the transaction through Drive Financial, in April 2002. The vehicle had been owned by the Hertz Corporation from April 2001 until February 2002, when the

Expedition was sold through an auto auction to Riverside.[1]

Plaintiff visited Riverside on April 29, 2002, to look for a conversion van. He decided on a used Expedition instead, and took possession of the vehicle on April 29, 2002 after leaving a down payment and making financing arrangements. Plaintiff signed an "Odometer Statement," which disclosed the mileage of the Expedition. However, plaintiff argues it should be inferred that he was not presented with the title document because it was not signed by him, and therefore he did not know of the prior ownership by a rental car company, which might have affected the terms of his purchase. Defendant concedes that the title document was not signed by the plaintiff, nor was the odometer reading inscribed on the title in the space provided on the title.

Plaintiff returned to Riverside the day after his purchase with a complaint about the Expedition's cargo capacity. The salesperson suggested that plaintiff try the vehicle for another day and return if he was still unhappy. Plaintiff kept the Expedition and did not return. He accumulated over 100,000 miles on the vehicle without major repairs being required.

Plaintiff's complaint asserts one claim under federal law, the Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32701 et seq. The remaining claims are brought under Michigan law, for fraud or misrepresentation; breach of the warranty of

---

[1] Before Riverside's transaction with plaintiff, a Tracey Garrett left a partial down payment on the vehicle but never finalized the purchase, and the title was not transferred into her name. Garrett had the vehicle for approximately 7 weeks, putting over 4,000 miles on the Expedition. Garrett filed suit in this court to compel the transfer of title to the vehicle on April 1, 2002. That matter was resolved the same month, and the court entered an order awarding possession of the vehicle back to Riverside. The vehicle was then sold to the plaintiff in this matter, as described below.

2

title; violations of the Michigan Odometer Act; the Michigan Motor Vehicle Sales Finance Act; the Michigan Motor Vehicle Installment Sales Contract Act; and the Michigan Credit Reform Act.  Defendant filed its motion for summary judgment as to all claims in this matter following the completion of discovery, asserting in part that the title was properly transferred to plaintiff and that the disclosure of the vehicle's mileage met applicable requirements.  The court's consideration of and determination on the motion is set forth below.

## STANDARD

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences therefrom must be construed in the light most

favorable to the non-moving party.  <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Redding</u>, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original); <u>see</u> <u>also</u> <u>National Satellite Sports, Inc. v. Eliadis, Inc.</u>, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial."  <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 270 (1968); <u>see also</u> <u>McLean v. 988011 Ontario, Ltd.</u>, 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party.  <u>Anderson</u>, 477 U.S. at 248, 252.  Rather, there must be evidence on which a jury could reasonably find for the non-movant.  <u>McLean</u>, 224 F.3d at 800 (citing <u>Anderson</u>, 477 U.S. at 252).

## ANALYSIS

<u>Federal Motor Vehicle Information and Cost Saving Act</u>

This claim, Count I in plaintiff's complaint, asserts a violation of the Federal Motor Vehicle Information and Cost Saving Act (the "Act") through Riverside's failure to use the title document in making the disclosures required by the Act (i.e. mileage, date of transfer, transferor's and transferee's name and address, and identity of vehicle).  Title is defined by the Act as "the certificate of title or other document issued by the State

indicating ownership." 49 U.S.C. § 32702(7). To be held liable under the Act, the plaintiff must prove both that the defendant violated the Act and that the violation was done with the "intent to defraud." 49 U.S.C. 32710(a).

In the section of defendant's brief that argues for dismissal of the claims brought under both the Act and the Michigan Odometer Act, it points out that it is undisputed the Odometer Statement signed by plaintiff correctly disclosed the mileage of the vehicle. Defendant argues there is no evidence that Riverside had the title in its possession at the time plaintiff took possession of the vehicle, that plaintiff has not sustained damages, and that liability under the odometer statutes cannot attach under such circumstances. Defendant also points out that plaintiff testified that he did not know whether or not he was shown the title at the time of sale.

Despite plaintiff's vigorous written and oral arguments in response to defendant's motion, and strong reliance on the district court case of Yazzie v. Amigo Chevrolet, Inc., 189 F.Supp. 2d 1245 (D.N.M. 2001), which plaintiff asserts gives the "seminal analysis that clearly explains the relationship between this title fraud and the Act" (plaintiff's brief, p. 11), the court is not convinced that plaintiff has raised a question of material fact as to defendant's intent to defraud, a required element under the Act. Although the court agrees that there is at least a question of material fact as to whether the technical requirements of the Act were met here, the court cannot go so far as the Yazzie court, which found that

> reasonable inferences evidence [defendant's] knowing and intentional
> disregard of the Odometer Act for its own purposes–to deceive Plaintiffs
> with regard to a material fact. [Defendant] sought to conceal from the
> Plaintiffs not the number of miles the truck had been driven, but the
> location of the miles driven and the verification of the odometer's reading

5

> by [defendant's] transferor. Despite the eventual transfer of accurate odometer mileage to the Plaintiffs, this is enough to constitute an intent to defraud and a violation of the Odometer Act.

Id. at 1247-48. The Yazzie case, as well as a later district of New Mexico case also cited by plaintiff, Salmeron v. Highlands Ford Sales, Inc., 223 F.Supp.2d 1238 (D.N.M. 2002), thus held that it is a general intent to defraud, which may be unrelated to a car's mileage/odometer, which is sufficient to satisfy that requirement of the Act.

The court is persuaded not by the reasoning in Yazzie, but by the reasoning in cases such as Hamilton v. O'Connor Chevrolet, Inc., 2004 WL 1403711 (N.D. Ill), where the courts have found that without evidence that the defendant intended to defraud a plaintiff *with respect to a vehicle's mileage or odometer reading*, summary judgment is appropriate for the defendant as to claims made under the Act. In the Hamilton case, the court examined a long line of cases, holding that liability under the Act can attach only in connection with fraud as to mileage/odometer readings. The Hamilton court quoted from such precedent, which reasoned "'[a] contrary holding would ascribe to Congress the unlikely, and unsupported, intent of allowing the Odometer Act to serve as a vehicle for plaintiffs to bring numerous state-law claims into federal court, simply because the claims concern defects in an automobile's certificate of title.'" Hamilton, 2004 WL 1403711 *9, quoting Locascio v. Imports Unlimited, Inc., 309 F.Supp.2d 267, 270-71 (D.Conn. 2004). Accord Compton v. Altavista Motors, Inc., 121 F.Supp.2d 932, 942 (W.D.Va. 2000); Mayberry v. Ememessay, Inc., 201 F.Supp.2d 687, 695-96 (W.D.Va. 2002). This is logical, given the stated purposes of the Act: "(1) to prohibit tampering with motor vehicle odometers; and (2) to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers." 49 U.S.C. §

6

32701.

In the case at bar, plaintiff does not contend that the "Odometer Statement" he signed at the time of the transaction was incorrect. The Locascio matter is therefore directly on point, where the court held that "private relief is only available under the Odometer Act, 49 U.S.C. § 32710(a), when a plaintiff has established a defendant's intent to defraud the plaintiff about the vehicle's mileage," Locascio, 309 F.Supp.2d at 271, and denied relief under the Act because the plaintiff had not proffered any evidence that she was misled about the vehicle's mileage. The court finds that reasoning persuasive and joins with the majority of district courts it has found to address the issue, such as Locascio, Hamilton, and Mayberry, which specifically rejected the Yazzie/Salmeron holdings concerning the Act. Summary judgment will enter for defendant as to this claim.

State Law Claims

The remainder of plaintiff's claims fall under Michigan law. Although the court could retain jurisdiction over these claims, under these circumstances declining to exercise supplemental jurisdiction as contemplated by 28 U.S.C. § 1367(c) is more appropriate. This is because the only federal claim in the matter has been dismissed, as contemplated by § 1367(c)(3), and because an examination of the remaining claims reveals that they present, to some extent, "novel or complex issue[s] of State law," as stated in § 1367(c)(1).[2]

---

[2] For example, in plaintiff's claim under the Michigan Odometer Act, he contends that the statute's provision for allowing an odometer statement to be given on a document other than the certificate of title, Mich. Comp. Laws Ann. § 257.233a, is followed by express limitations, not applicable here. Plaintiff argues that these "express

CONCLUSION

For the reasons given above, defendant's motion for summary judgment is GRANTED as to the first count in the complaint, brought under the Motor Vehicle Cost Savings and Information Act, 49 U.S.C. § 32701 et seq. Plaintiff's remaining claims are hereby DISMISSED WITHOUT PREJUDICE.

                                                    S/George Caram Steeh
                                                    GEORGE CARAM STEEH
                                                    UNITED STATES DISTRICT JUDGE

Dated: June 23, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 23, 2005, by electronic and/or ordinary mail.

                                                    S/Josephine Chaffee
                                                    Secretary/Deputy Clerk

---

limitations" followed the U.S. Congress' specific provisions in the federal act, and demonstrate the Michigan legislature's decision to enact specific requirements for compliance with the odometer law. Plaintiff also points to the provision in the Motor Vehicle Code requiring a dealer to have in its "immediate possession the assigned certificate of title with the odometer information properly completed." Mich. Comp. Laws Ann. § 257.233a.

     On the other hand, the Michigan statute provides for an untitled vehicle that "[i]f the vehicle is not titled or the title does not contain a space for the required information, a written statement shall be provided as a separate document." Mich. Comp. Laws Ann. § 257.233a(2). Defendant also asserts the odometer statute's provision that "[a] dealer selling or exchanging vehicles required to be titled under this act shall present the certificate of title or written statement and any reassigned titles in his or her possession to the transferee." Id., § 257.233(3). Defendant argues that a written statement was provided to the plaintiff, and that there is no evidence that defendant had acquired the title from the auto auction and had it in its possession at the time of the transfer. The court notes that neither party cites to authority other than the Michigan statute itself for support.